In re the MARRIAGE of Donna Sharon EIMER and Kenneth Edward Eimer.

Upon the Petition of Donna Sharon EIMER, Petitioner-Appellee,

and Concerning

Kenneth Edward EIMER, Respondent-Appellant.

No. 2–57599.

Supreme Court of Iowa.

Oct. 15, 1975.

Napier, Napier & Wright, Fort Madison, for respondent-appellant.

Johnson, Phelan & Tucker, Fort Madison, for petitioner-appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

Respondent-husband appeals dissolution of marriage decree challenging only the custody award of parties' minor children,

Matthew John, born August 6, 1966 and Beth Anne, born December 2, 1969, to petitioner-wife. Respondent was granted reasonable visitation rights.

The trial court's findings of fact and conclusions of law include:

"The major area of conflict between the parties relates to the custody of the children. In the recent case of *Bowen v. Bowen*, filed June 26, 1974, [219 N.W.2d 683] the Iowa Supreme Court said with regard to custody determinations that 'Factors to be considered include the characteristics and needs of the children, the environments involved, the characteristics of those seeking custody, their respective abilities to provide for the material, social, moral and emotional needs of the children, available alternatives, and whatever other relevant matters the evidence in the particular case may disclose.'

"In this case, there was not a lot of testimony relating to many of these factors. Both parents in this case appear to be far superior to many parents which this court observes under similar circumstances. Nor does the court think the question of custody should be decided on the basis of which parent committed adultery last or most often during marriage. In the Bowen case, supra, the Supreme Court said, 'Moral misconduct by a parent is one factor affecting that parent's fitness to have custody.'

"In listening to the parties, and observing them during trial, the court has attempted to determine which of them would have the most patience, understanding, concern and love for the children; which of them would make the greatest sacrifice for the benefit of the children; and which of them would exert the most favorable influence on the children. In short, the court has, in the words of the Supreme Court in the Bowen case, attempted to determine 'which parent will do better in raising the children.'"

 Under our de novo review, we have examined and studied the factual situation presented by the appendix, the briefs and transcript of the trial below. A factual recital is unnecessary.

The record clearly indicates the trial court knew and applied the established legal principles and guidelines set out in our recent opinions regarding child custody.

We conclude the decree should be affirmed.

Petitioner-appellee's attorney has filed a statement for fees and expenses attributable to defending this appeal. We allow petitioner-appellee the sum of $450 as attorney fees, to be paid by respondent-appellant within three months from date of filing this opinion. Costs of this appeal are taxed against respondent-appellant.

Affirmed.